JAMES W. AND GERDA HAGER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hager v. Commissioner
Docket No. 21688-80.
United States Tax Court
T.C. Memo 1982-663; 1982 Tax Ct. Memo LEXIS 84; 45 T.C.M. (CCH) 123; T.C.M. (RIA) 82663; November 17, 1982. James W. Hager, pro se. Miles Friedman, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned for trial to Special Trial Judge Darrell D. Hallett, pursuant to the provisions of General Order No. 6, 69 T.C. XV (1978). The Court agrees with and adopts his report, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent determined a deficiency in petitioners' 1977 Federal income tax in the amount of $1,579.51. The issue for decision is whether amounts deducted in arriving at net loan proceeds in connection with loan refinancing transactions are deductible by petitioners for the year the loans were made. Petitioners were residents of San Marino, California at the time they filed *85 their petition. During the tax year 1977, petitioners refinanced a loan they had with Glendale Federal Savings and Loan Association, which was secured by petitioners' Santa Barbara rental property. In connection with the refinancing, petitioners were charged a processing fee of $100, prepaid interest of $432.30, and "points" of $1,511.96. All of these charges were deducted by Glendale Federal Savings and Loan from the amount of petitioners' loan and petitioners received loan proceeds net of the amounts. After refinancing their loan on this property, petitioners sold the property on a land sale contract. The purchaser of the property took it subject to petitioners' obligation with Glendale Federal Savings and Loan Association, and petitioners remained liable on the loan. Petitioners also refinanced their personal residence in 1977 and in connection with the refinancing they were charged a $420 loan fee by the First Federal Savings and Loan Association. This loan fee was likewise deducted from the loan and petitioners received loan proceeds net of the fee. On their 1977 return petitioners deducted the charges referred to above. Respondent disallowed the deductions in their *86 entirety. In Rubnitz v. Commissioner,67 T.C. 621 (1977) we held in similar circumstances that loan fees are not "paid" by a cash basis taxpayer when they are deducted by the lending institution in arriving at the net proceeds paid to the taxpayer and therefore the amounts are not deductible in the year the loan is obtained. Further, we held in Schubel v. Commissioner,77 T.C. 701 (1981) that section 461 [1] (g)(2), which permits a current deduction for "points" paid in respect of indebtedness incurred in connection with the purchaser's improvement of a principal residence in certain situations and was enacted by the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1520, 1541, did not change this result. See also Noble v. Commissioner, 79 T.C.     (Nov. 8, 1982). These cases are clearly controlling here and we must therefore sustain respondent's determination. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩